All right, so Mr. Levy, you're going first on this one, so you may proceed. Thank you, Your Honor. May it please the court. We're here on a motion to dismiss. The appeal comes from two interlocutory orders. One is an order denying a motion to withdraw a case under Rule 41. The other is an order barring the client from seeing information that the attorney received. Neither order is appealable under the collateral order doctrine. The collateral order doctrine requires that the appeal involve an important issue separate from the merits that will not be reviewable at the end of the case. This court held in Ibeto that that standard is not met for motions for orders denying a Rule 41 motion that applies here in full. The sealing order, so-called sealing order, is also not reviewable. There's no important issue that's separate from the merits that will not be reviewable at the end of the case. That is the weight of the authority that we cite in our brief. In the opposition brief, my friends rely principally on the fact that this case arises in a hate convention case, apparently taking the view that the treaty deviates from the ordinary rules of procedure. That is not the law. The Supreme Court has instructed that a treaty and rights invoked under a treaty are vindicated, pursuant to ordinary rules of decision and procedure, unless a treaty expressly says otherwise. That's the Supreme Court's instruction in the Medellin v. Texas case. There is no such instruction here. The First Circuit, in fact, has denied interlocutor review of an interlocutor order when it was argued, just as it is here, that the hate convention somehow requires a deviation from the rules. The final judgment rule has been the law of governing appellate procedure in the federal courts since nearly the founding of the Republic, and there's no basis to deviate from it here. Unless the court has questions, I will abide by it. So how would this play out, then, if we do what you say? What's explained in the timeline? The trial has finished. My friends on the other side asked that the trial be reopened. The court granted that request. And then there was a request by my client below to advising the court that there had been perjury during the trial. What the court has now set is a short period of discovery. Then there will be proposed findings of fact and conclusions of law, which will be provided, I believe, in a matter of a couple of months, after which there will be a final order that will be reviewable in this court. And the issues that are proposed to be addressed here will be reviewable on appeal, including the claim that the case should have been dismissed under Rule 41. All right. Okay. Thank you very much, Mr. Levy. Thank you, Your Honor. And I hear from Ms. Pascasi-Carroza. Am I saying that right? Yes, you are. Is it Levy or Levy? It's Levy, Your Honor. Levy, I'm sorry. Thank you, Your Honor. Better late than never. You may proceed. If it may please the court, Your Honor, Mary Kate Pascasi-Carroza representing the appellant. So, as my friends over here have stated, they're relying on abetto for the fact that this motion that was denied by the lower court is not reviewable currently. However, abetto was a without prejudice case. Here, the motion that was denied was for us to withdraw with prejudice, therefore ending the case completely. So the abetto factors do not apply here. What applies here, we have a very straightforward we withdraw the case, the case ends, and that's the most expedient means possible. Your view is anytime you move to withdraw, if that's denied, then you get to go straight to the appellate court? No. My view is that the particular withdrawal with prejudice being denied is a collateral order How does it meet the collateral order standards? Mr. Levy just explained why this can all be reviewed on appeal after the hearing. So what can't be reviewed is this is akin to a similar type of case where denying counsel's motion to withdraw was conclusively determined to be a type of motion that was a collateral order because you couldn't return the attorney at the time to the position status quo ante. And that's what we have here. If we're forced to continue this case, the appellate can't turn back time and he can't be made whole. Why is this any different than any other ruling by a court prior to a final judgment?  With treaty cases, they're dealt with a bit differently. They are to be held in the most expeditious way possible. The treaty deviates from certain procedure as well. There are numerous ways in which it's been deviated from, and those are well briefed in our papers. A very easy example is the fact that we allow for foreign law when treaties come in. The Fourth Circuit actually even went as far to affirm a lower district court throwing the federal rules of procedure out the window. So when it comes to a treaty case, things are held differently. So what is your best case? Do you think that it stands to the proposition that this is subject to the collateral order doctrine and meets the requirements? So I would say that Minaski itself, just on the timely resolution, the fact that the treaty is a provisional remedy. There are also a number of sister treaty partner cases as well. Those would be, and then there are SWARNA, Aurelius Capital Master. Those are cases where this court held that if the treaty allowed for interlocutory appeal when you had to interpret the treaty, and here that's what we need to do. We need to interpret the treaty. Does it allow for interlocutory appeals as part of the expeditious process? I'd also like to note as well that the European Courts of Human Rights have also held that delays in convention cases are actually subject to nations being fined, and they have been held to be abrogating civil rights as well. Well, luckily they can't fine us, right? Sorry? The European Court of Human Rights cannot fine us, I assume. Correctly, Your Honor. They can't fine us. However, it does show. It wouldn't be worth it. They wouldn't make much money. But it does show the veracity of how important it is to be expeditious, and the fact that the case could end today if withdrawn with prejudice. It ends. It's the ultimate delay. There is no more delay. If we need to continue, we don't know for how long. But there are going to be other proceedings in other courts in other countries, right? So it's expeditious in its totality. So that's also a judgment that a district court can make. Like, look, actually what you're doing is you're going to slow things down. All the sunk costs that have gone into this litigation are out the window, and now you're going to start up somewhere else, right? I mean, just invoking expeditiousness doesn't really answer the question one way or the other, that interlocutory appeal. Plus, we're not famous for being all that fast up here. Well, Your Honor, with respect to another case, the treaty specifically states that custody is to be held differently. So that is always the case when you're looking at a convention case, that custody is always going to be going on in another court. That is just par for the course in a convention case. Yes, Your Honor. No, I was going to say I see the red light. Yes. So all right, thank you. We will reserve decision, but we'll get back to you shortly on this. Thank you. Thank you both.